Hobart W. FISCHER, Plaintiff,

v.

**BROTHERHOOD OF RAILROAD TRAINMEN and Missouri Pacific Railway Co., Defendants.**

No. 16624–1.

United States District Court
W. D. Missouri, W. D.

March 20, 1968.

Rehearing Denied May 15, 1968.

Allan R. Browne, Ennis, Browne & Martin, Kansas City, Mo., for plaintiff.

John H. Haley, Jr., Haley, Bardgett & Wiliamson, St. Louis, Mo., Ernest Hubbell, Kansas City, Mo., for Brotherhood.

Johnson, Lucas, Bush & Snapp, Kansas City, Mo., for Missouri Pac. R. R.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

This case pends on plaintiff's motion to remand. A number of other motions have been filed but we do not reach the questions presented because the motion to remand will be granted.

This case is a successor to No. 15969–1 initially filed in the Circuit Court of Jackson County, Missouri at Kansas City and later removed to this Court. The first case, No. 15969–1 joined only the Brotherhood and individual union members. The Missouri Pacific Railway

Company was not named as a defendant in the first case as it was in the pending case. On May 17, 1967 we denied plaintiff's motion to remand for reasons stated in that order. We also took note that after the decisions of the Supreme Court in Walker v. Southern Railway Co., 385 U.S. 196, 87 S.Ct. 365, 17 L.Ed.2d 294 (1966) and Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), plaintiff filed an application to add the Missouri Pacific Railway Company as a defendant in the first case. Being of the opinion that Missouri Pacific should not be added without being afforded an opportunity to show cause why it should not be joined in light of numerous questions concerning but not limited to exhaustion and plaintiff's proper measure of damages, we ordered that Missouri Pacific show cause why it should not be added as a party defendant. Following a pretrial conference plaintiff decided to dismiss No. 15969–1 and, after opportunity had been afforded defendants to file suggestions in opposition, that case was dismissed on August 30, 1967.

Plaintiff filed a new suit in the State court on September 1, 1967 and the defendants other than Missouri Pacific filed a timely petition for removal. All parties concede that because of lack of diversity, plaintiff's claim against Missouri Pacific is not removable. The removing defendants nevertheless contend that:

> The entire case, including the otherwise nonremovable claim or cause of action asserted by plaintiff against the Missouri Pacific Railway Company was and is removable to this Court under 28 U.S.C.A. § 1441(c) because the aforesaid nonremovable claim against the Defendant, Missouri Pacific Railway Company, is joined with plaintiff's claim against Defendant Brotherhood of Railway Trainmen, which is within the original jurisdiction of this Court. * * * "

In O'Donnell v. Parrack & Edlund, No. 15363–2 (Court en banc, February 8, 1966), all of the present judges of this Court stated:

> American Fire & Cas. Co. v. Finn, 341 U.S. 6 [71 S.Ct. 534, 95 L.Ed. 702] (1951), established that one "important purpose [of § 1441(c)] was to limit removal from State Courts" and that "the meaning and effect of 28 U.S.C. § 1441(c) should be carried out in light of the Congressional intention" (341 U.S. at 9–10 [71 S.Ct. 534]). That case recognized that "a separable controversy is no longer an adequate ground for removal unless it also constitutes a separate and independent claim or cause of action" and that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)" (341 U.S. 11 and 14 [71 S.Ct. 534]).

> This District, since Judge Ridge's decision in Butler Mfg. Co. v. Wallace & Tiernan Sales Corp., W.D.Mo.1949, 82 F.Supp. 635, has consistently recognized that "no right of removal can possibly exist * * * [where] recovery of damages [is sought] for a single injury which is the proximate result of separate and independent acts of negligence, of two or more parties, * * * even in the absence of community of design or concert of action." See for examples, Young Spring & Wire Corp. v. American Guarantee & L[iability] Ins. Co., W.D.Mo.1963, 220 F.Supp. 222; Gustaveson Inc. v. Graybar Electric Co., W.D.Mo.1963, 222 F.Supp. 473; and Viles v. Sharp and Brosnahan, W.D. Mo.1965, No. 15384–1 [248 F.Supp. 271], * * *

The cases cited merely illustrate the consistent application of the construction placed on § 1441(c) by *Finn* and involve actions by a single plaintiff against two defendants upon two claims for relief, one of which is removable and one of which is not.

What might have been a "separable controversy" before the enactment of § 1441(c), might or might not constitute "a separate and independent claim or cause of action," within the meaning of that section as construed by *Finn*. Both *Walker* and *Vaca* have their impact on this case. *Walker* determined that Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580, did not require that Moore v. Illinois Central Railroad Co., 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089; Slocum v. Delaware L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795, and Transcontinental & Western Air, Inc. v. Koppal, 345 U.S. 653, 73 S.Ct. 906, 97 L.Ed. 1325, be overruled. *Vaca* recognized that a union's duty of fair representation under the Railway Labor Act was generally applicable to actions brought under the Labor Management Relations Act. *Vaca* stated "It is obvious that the courts will be compelled to pass upon whether there has been a breach of the duty of fair representation in the context of many § 301 breach-of-contract actions" (386 U.S. at 187, 87 S.Ct. at 915), and stated the policy considerations against forcing an injured employee "to go to two tribunals to repair a single injury" (386 U.S. at 187, 87 S.Ct. at 915).

The rule of damages and the necessity of an employee proving "arbitrary or bad-faith conduct on the part of the Union in processing his grievance" (386 U.S. at 193, 87 S.Ct. at 918) and the complicated problems of applying the general principle "to apportion liability between the employer and the union according to the damage caused by the fault of each" (386 U.S. at 197, 87 S.Ct. at 920) caused the court to comment that "these remedy problems are difficult enough when one tribunal has all parties before it; they are impossible if two independent tribunals, with different procedures, time limitations, and remedial powers, must participate" (386 U.S. at 188, 87 S.Ct. at 915).

While we recognize that *Vaca* dealt with an employee's action under the La-bor Management Relations Act, we nevertheless are convinced that what was there stated in describing an employee's cause of action for an alleged breach of the union's duty of fair representation, as integrated with an action for breach of contract against the employer, has application under the Railway Labor Act in describing the nature of an employee's cause of action.

Indeed, Cunningham v. Erie Railroad Company (2d Cir. 1959), 266 F.2d 411 at 416, involving an employee's action against his union and his company under the Railway Labor Act, counseled against requiring a "closely integrated dispute to be cut up into segments." Cf. Rumbaugh v. Winifrede Railroad Co., (4th Cir. 1964) 331 F.2d 530.

In light of these authorities, we do not believe it can fairly be said that plaintiff's action against the two parties can be said to present separate and independent claims or causes of action but that plaintiff seeks to recover for a single wrong in which damages must be apportioned between the defendants and that therefore the case must be remanded to the State court consistent with the determination of the Court en banc in *O'Donnell* and the cases there cited.

For the reasons stated, it is hereby

Ordered that this cause be, and it is hereby, remanded to the Circuit Court of Jackson County, Missouri, at Kansas City.

### MEMORANDUM AND ORDER ON MOTION FOR REHEARING

This case pends on defendant Brotherhood of Railway Trainmen's motion for rehearing on plaintiff's motion to remand.

In its supporting brief, defendant has cited, with one exception, the same authorities heretofore presented. Defendant again attempts to distinguish Cunningham v. Erie R. Co., (2nd Cir. 1959) 266 F.2d 411, and Rumbaugh v. Winifrede R. Co., (4th Cir. 1964) 331 F.2d 530, on the basis that in both cases

"*the union participated* in effecting the plaintiff's discharge by the railroad." Motion for Rehearing, p. 2 (emphasis by Defendant). See also Suggestions of Defendant B. R. T., pp. 3 and 7. We reject this distinction for the reason that claims for a "single wrong" which arise out of independent acts by more than one defendant are not separate and independent claims under Section 1441(c), "even in the absence of community of design or concert of action." O'Donnell v. Parrack & Edlund, No. 15363–2 (Court en banc February 8, 1966).

Defendant also contends that plaintiff's petition failed to allege any breach of B. R. T.'s duty of fair representation prior to December 2, 1964, "almost ten months after plaintiff's discharge by Missouri Pacific," which took place on February 12, 1964. Suggestions of Defendant B. R. T., p. 3. See also pp. 4, 5 and 7. We disagree.

The provisions of the collective bargaining agreement between defendant B. R. T. and defendant Missouri Pacific make it clear that a discharge by the company does not become final until the grievance procedure is exhausted or abandoned. (Stipulated Exhibit D, ¶ 7, p. 2 and ¶ 8, pp. 2–3). See Judge Solomon's discussion of similar provisions in Sands v. Union Pacific R. Co., (D.Or. 1956) 148 F.Supp. 422, 426.

█ Defendant B.R.T.'s withdrawal of plaintiff's grievance can not be said to be "wholly unrelated" to the final discharge of plaintiff by Missouri Pacific. For this reason, McLoed v. Cities Service Gas Co., (10th Cir. 1956) 233 F.2d 242, the only new authority defendant has cited in its brief, is inapposite. That case involved wholly unrelated claims for negligence at different times by the defendants.

For the above stated reasons and for the reasons stated in our Memorandum and Order of March 20, 1968, it is

Ordered that defendant's motion for rehearing on plaintiff's motion to remand should be, and is hereby, denied.