**William BUTLER, et al., Plaintiffs,**

**v.**

**Herschel R. RYE, et al., Defendants.**

**No. 82-0016-CV-W-1.**

United States District Court,
W. D. Missouri, W. D.

July 30, 1982.

---

George E. Kapke, Cochran, Kramer, Kapke & Willerth, Independence, Mo., for plaintiffs.

Randall E. Hendricks, Stinson, Mag & Fizzell, Timothy S. Frets, Watson, Ess, Marshall & Enggas, Kansas City, Mo., Brian J. Warr, Paden, Welch, Martin, Albano & Graeff, P. C., Independence, Mo., for defendants.

D. A. Lewis, Independence, Mo., for defendant Ireland Real Estate, Inc.

## MEMORANDUM AND ORDERS DISMISSING COUNT IV AND REMANDING REMAINDER OF CASE TO CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

JOHN W. OLIVER, Senior District Judge.

### I. *Removal Jurisdiction*

This case was removed to federal court by defendant Capitol Federal Savings and Loan Association (hereinafter "Capitol Federal") from the Circuit Court of Jackson County, Missouri on January 11, 1982. The petition for removal filed that day recites as the basis for removal Title 28 U.S.C. § 1441(c) and sections 1331 and 1332 thereof, which provide for original jurisdiction in federal court of Count IV of the complaint.

On March 10, 1982, pursuant to the Court's duty to raise jurisdictional questions on its own motion, the Court issued an order to show cause as to why the case should not be remanded to the Circuit Court of Jackson County, Missouri.

In that order, attention of the parties was directed to *Fischer v. Brotherhood of R. R. Trainmen,* 284 F.Supp. 491 (W.D.Mo.1968) and cases cited therein, in regard to the question "whether it can be said that Count IV of plaintiff's complaint may properly be considered as being within the purview of 28 U.S.C. § 1441(c)." Attention of the parties was also directed to the cases of *Johnson v. Butler Bros.,* 162 F.2d 87 (8th Cir. 1947) and *Jones Store v. Hammons,* 424 F.Supp. 494 (W.D.Mo.1977), in regard to the question "whether it may be said that Count IV creates an independent ground for removal under 28 U.S.C. §§ 1441(b) and 1331." Petitioner Capitol Federal was directed to file its brief in response to those questions. All other parties were invited to file a motion to remand and brief in support thereof, "if any party concludes that this case was not properly removed from the Circuit Court of Jackson County, Missouri."

Capitol Federal filed its "brief in response to the Court's order to show cause filed March 10, 1982" on March 19, 1982. No party has filed a motion to remand or

suggestions in regard to the propriety of the removal by Capitol Federal.

◼ As noted by defendant Capitol Federal, the crux of plaintiffs' claim in Count IV of the complaint is that Capitol Federal allegedly "failed to provide plaintiffs with a disclosure statement as required by Title I of the Consumer Credit Protection Act and Regulation Z promulgated thereunder, or to otherwise disclose to plaintiffs the terms of the loan agreement [with the Ryes] . . . ." Title 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Although the question is not without difficulty, we conclude that the case was properly removed under 28 U.S.C. § 1441(c) and sections 1331 and 1332. In Counts I–III of the complaint, plaintiffs rely on the common law right to recover damages from defendants Rye, Lewis and Ireland Real Estate, Inc. for tortious misrepresentations allegedly made by them in connection with a real estate transaction to which they were each either parties or the agents of parties. Defendant Capitol Federal was neither a party nor the agent of a party to the transaction which forms the basis of Counts I–III. In Count IV, plaintiffs rely solely upon Capitol Federal's failure to make certain disclosures to which plaintiffs allegedly were entitled under Title I (hereinafter the "Truth-in-Lending Act") of the Consumer Credit Protection Act, P.L. 90–321, 15 U.S.C. §§ 1631, *et seq.* Count IV thus

alleges a distinct wrong and injury for which relief is sought, and not merely a "separate controversy" in an "interlocked series of transactions." *Fischer v. Brotherhood of R. R. Trainmen*, 284 F.Supp. 491, 492 (W.D.Mo.1968) (*citing American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951)).[1]

◼ Additionally, we have concluded that removal jurisdiction is provided for in 15 U.S.C. § 1640(e). Section 1640(e), providing for concurrent jurisdiction in federal and state courts, states as follows:

Any action under this section may be *brought* in United States district court, or in any other court of competent jurisdiction . . . . (emphasis added).

That language connotes the bringing of a suit as an initial matter in either State or federal court but not necessarily the right to carry it out to conclusion in either court. *Compare Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir. 1947) (emphasizing word "maintain" in 29 U.S.C. § 216(b)(1)). *See Sicinski v. Reliance Funding Co.*, 461 F.Supp. 649 (S.D.N.Y.1978). Moreover, *Johnson* was decided prior to amendment of the removal statute, 28 U.S.C. § 1441(a), in 1976 to permit removal "[e]xcept as otherwise *expressly* provided by Act of Congress . . . ." (emphasis added). Accordingly, we conclude that this case was properly removed under 15 U.S.C. § 1640(e).

## II. *Fraudulent Concealment*

◼ Shortly after removing the case, Capitol Federal filed its "Motion and suggestions for dismissal of Count IV based upon bar of the limitation period of 15 U.S.C. § 1640(e)," which provides that "[a]ny action may be brought within one year from the date of the occurrence of the violation." Plaintiffs filed suit in State

---

1. In connection with the question of removal jurisdiction, it should be noted that plaintiffs have moved to amend their complaint to allege "fraudulent concealment," in that Capitol Federal "participated in the misrepresentations made to plaintiffs concerning the mortgage terms." What is meant by that allegation, apart from the failure of Capitol Federal to make the disclosures allegedly required by the Truth-in-Lending Act, is unclear. In any event, we shall conclude in Part II of this memorandum opinion that plaintiffs' proposed Count IV fails to make out a case of fraudulent concealment or to satisfy Rule 9(b), Fed.R.Civ.P. We thus adhere to the conclusion reached above notwithstanding the terms of plaintiffs' proposed Count IV.

court on December 4, 1981. Count IV alleged that defendant Capitol Federal "prepared a note endorsement form changing the interest rate upon the property with the first payment due on this note at the new rate to be made on March 10, 1979," that "thereafter, plaintiffs assumed payments on the note executed by Herschel R. Rye and Linda K. Rye," and that "defendant Capitol Federal Savings and Loan Association failed to provide plaintiffs with a disclosure statement as required by Title I of the Consumer Credit Protection Act and Regulation Z promulgated thereunder, or to otherwise disclose to plaintiffs the terms of the loan agreement, in which the period of payment had been extended to thirty (30) years."

In response to Capitol Federal's motion to dismiss, plaintiffs now move the Court for leave to amend their complaint to allege fraudulent concealment by Capitol Federal. We conclude that the allegations of plaintiffs' proposed Count IV fail to allege fraudulent concealment or to satisfy the requirements of Rule 9(b), Fed.R.Civ.P. Accordingly, leave to amend will be denied and Capitol Federal's motion to dismiss Count IV will be granted.[2]

Plaintiffs' proposed Count IV alleges in pertinent part:

> 6. That defendant Capitol Federal Savings and Loan Association, by its officers and agents: participated in the misrepresentations made to plaintiffs concerning the mortgage terms; knew these representations to be material and false; intended that plaintiffs should rely on these representations; and, by *non-disclosure of credit terms* as required by the Consumer Credit Protection Act and Regulation Z, *concealed* the effect of the misrepresentations from plaintiffs. (Emphasis added).

Plaintiffs rely on *Chevalier v. Baird Savings Association*, 66 F.R.D. 105 (D.C.Pa.

1975), where, in an action under § 1640(e), the court held that the "federal fraudulent concealment rule enunciated in *Bailey v. Glover*, 88 U.S. 342 (21 Wall) 22 L.Ed. 636 (1875) tolls the statute of limitations where a defendant has fraudulently concealed the facts which give rise to the cause of action." In an earlier opinion in that same case reported at 371 F.Supp. 1282, the court had dismissed the Truth-in-Lending count without prejudice, granting plaintiffs leave to amend their complaint to aver fraud specifically. The amended complaint, which was later held to have cured the statute of limitations defect, alleged that "the practice of charging interest in advance effectively raised their interest rates, finance charges and annual percentage rates, and that defendants *concealed these increases from them by the use of false and misleading Truth-in-Lending Disclosure Statements*;" and that "defendant [sic], at all times relevant hereto, knew or had reason to know thereof and intentionally and knowingly pursued such practice intending to conceal from the plaintiffs the effect thereof." 66 F.R.D. at 107 (emphasis added). Those allegations together were held to allege fraudulent concealment and to satisfy the requirement of Rule 9(b), Fed.R.Civ.P. that the circumstances constituting fraud be stated with particularity.

The circumstances alleged by plaintiffs in the case at bar do not rise to the level of *Chevalier*. Plaintiffs here allege in their proposed Count IV that certain "misrepresentations were made to plaintiffs concerning the mortgage terms;" that those misrepresentations were "participated in" by defendant Capitol Federal; and that "by non-disclosure of credit terms as required by the Consumer Credit Protection Act and Regulation Z, [defendant Capitol Federal] concealed the effect of the misrepresentations from plaintiffs." Nowhere do plaintiffs allege that defendant Capitol Federal

---

**2.** We have assumed, without deciding, that whether characterized as a statute of limitations or a condition precedent to suit, *see Fenton v. Citizens Savings Association*, 400 F.Supp. 874, 879 (W.D.Mo.1975), the principles of equitable tolling stated in *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 347–48, 22 L.Ed. 636 (1875) and *Holmberg v. Armbrecht*, 327 U.S. 392, 396–97, 66 S.Ct. 582, 584–585, 90 L.Ed. 743 (1946), apply to § 1640(e). *See, e.g., Davis v. Edgemere Finance Co.*, 523 F.Supp. 1121 (D.Md.1981).

made any false and misleading disclosures to conceal changes in the finance terms. The nebulous assertion that defendant Capitol Federal "participated in the misrepresentations made to plaintiffs," to the extent that it alleges something other than the failure to make the disclosures allegedly required by the Truth-in-Lending statute, fails to satisfy the requirements of Rule 9(b), Fed.R.Civ.P. or to state a case of fraudulent concealment.

*Rutledge v. Boston Woven Hose and Rubber Company*, 576 F.2d 248 (9th Cir. 1978), is not to the contrary. That case held that "[t]he affirmative act of denying wrongdoing" does not alone constitute fraudulent concealment where the plaintiff does not bear his burden of demonstrating reasonable reliance on the denial and due diligence in ascertaining the true facts. *Compare Baselski v. Paine, Webber, Jackson & Curtis, Inc.*, 514 F.Supp. 535, 540 (N.D.Ill.1981) ("Given nature of the fraudulent activity claimed, churning, and the alleged unsophistication of the plaintiffs ... plaintiffs have plead facts sufficient to invoke the doctrine of equitable tolling ... especially ... where, as in the present case, the defendants have an affirmative duty of disclosure." (citations omitted).[3]

This Court has on two occasions rejected the argument that the mere fact of a "continuing violation" of the Truth-in-Lending statute will toll the statute of limitations under § 1640(e). *Harvey v. Housing Development Corp., etc.* 451 F.Supp. 1198, 1202 (W.D.Mo.1978); *Fenton v. Citizens Savings Assn.*, 400 F.Supp. 874 (W.D.Mo.1975). Plaintiffs' vaguely worded allegation of ill-defined fraudulent intent on the part of Capitol Federal to "conceal the effect of the misrepresentations from plaintiffs," does not call for application of a different rule.

To its "supplemental suggestions in support of motion to dismiss and motion and suggestions for summary judgment," de-fendant Capitol Federal attached the affidavit of Dennis Rabbitt, Vice President of Capitol Federal, and three exhibits in accordance with Rule 12(b), Fed.R.Civ.P., pursuant to which a Rule 12(b)(6) motion to dismiss is to be treated as a motion for summary judgment under Rule 56, Fed.R. Civ.P. where matters outside the pleadings are included. Dennis Rabbitt's affidavit denies generally any participation on the part of Capitol Federal in any alleged misrepresentations made to plaintiffs. Exhibit I attached thereto is a copy of a Regulation Z disclosure statement dated December 11, 1978 bearing the signatures of Dennis Rabbitt and defendants Rye, indicating the modified terms of the loan. That document, according to the affidavit, was sent to Ireland Real Estate, Inc., agents for defendant Rye in the real estate transaction which was consummated in December, 1978. Exhibit II is a copy of a "Contract for the Sale of Real Estate" dated December 4, 1978, signed by defendants Rye and plaintiffs, showing the modified interest rate of 10%. Exhibit III is a copy of a "Payment Breakdown," which, according to Rabbitt's affidavit, was mailed to plaintiffs in January, 1980, showing the amount of the loan applied to principal and that charged for interest with respect to each monthly payment.

Rabbitt's affidavit also makes reference to an "Assumption Statement," dated December 11, 1978 and appended to plaintiffs' original complaint, on its face indicating that it was sent to Ireland Real Estate, Inc. It further states that plaintiffs at all times had access to Capitol Federal's file on the loan plaintiffs had assumed from the Ryes, which indicated the modified terms of the loan; that in October, 1980 plaintiffs received one or more conspicuously written notices of the "28 years" then remaining on the note; and that in a letter of January 2, 1981, plaintiffs' attorney contended that his

---

**3.** In regard to plaintiffs' argument from *Rutledge, supra*, it should be noted that defendant Capitol Federal, in its answer, raised the question of plaintiffs' standing under § 1640(e). Capitol Federal did not pursue that line of argument in its motion to dismiss, except to note that "Capitol Federal did not contract with the plaintiffs at any time regarding the subject loan on the real estate.... Accordingly, it is obviously impossible that Capitol Federal would be involved in any of the alleged fraud in plaintiffs' complaint."

clients had learned of the modified terms "in the Fall of 1980."

Additionally, appended to "Capitol Federal's response to the plaintiffs' March, 1982 reply to supplemental suggestions in support of motion to dismiss by defendant Capitol Federal," are various documents produced by plaintiffs pursuant to defendant Capitol Federal's Rule 34 request, including: a copy of an "Assumption Statement" sent from Capitol Federal to Ireland Real Estate, Inc. on December 11, 1978, and received by plaintiffs on October 24, 1980, more than one year prior to the time suit was instituted in State court (Exhibits A1 and A2); and a copy of a handwritten note addressed to Capitol Federal dated November 8, 1980, bearing plaintiffs' signature, stating as follows:

> Since 2 yrs have passed and we have been made aware that our loan was not for the time period we were told, we are enclosing on this past statement a wish of increase of $50 to make our pay off a shorter period.

In their suggestions in opposition to defendant Capitol Federal's motion, plaintiffs make the untenable assertion that "[t]his case was filed only in December of 1981; no discovery has taken place; although defendant Capitol Federal has filed for removal, no final order of removal has yet been entered." It is obvious, first, that some discovery has taken place, although apparently only by Capitol Federal and not by plaintiffs, for reasons unknown to this Court. It is obvious, too, that no "final order of removal" need or will be entered for the very good reason that under 28 U.S.C. § 1446(e), removal is accomplished by the petitioner, not by final order of the Court. Plaintiffs should also be reminded that, although given an opportunity to do so, they did not choose to file a motion to remand or suggestions in opposition to removal.

Merely intoning that material facts are in dispute, and that "[n]othing in Capitol Federal's affidavits establishes a date for the Butler's discovery of the fraud," will not aid plaintiffs, for the reason that at issue is not when plaintiffs could have discovered the "fraud," but rather when they could have and should have known or did in fact know of facts sufficient to state a Truth-in-Lending claim against defendant Capitol Federal.[4]

Plaintiffs' characterization of the handwritten statement (Exhibit A2) signed by plaintiffs as "at most, a self-serving bit of unverified hearsay," is, at least, evidence of plaintiffs' misunderstanding of the hearsay rules. *See* Rule 801(d)(2), Fed.R.Evid. Plaintiffs' further statement that "[t]here has been no affidavit which would establish *the Butlers' perception* of the Regulation Z violation at any particular date," is beside the point, and, in any case, even if true, does not present a material fact in dispute, since the question is not what the Butlers may have perceived, but rather what a reasonable person should have known.

Unlike in *Chevalier*, the accuracy of defendant Capitol Federal's disclosures are not the basis of plaintiffs' claim. Rather, the issue is when defendants' alleged failure to make allegedly required disclosures should have been apparent to plaintiffs. That is not a question which involves complicated computations, but only when plaintiffs knew or should have known that the terms of the loan were not what plaintiffs supposed them to be. Defendant Capitol Federal's affidavit and the accompanying exhibits clearly indicate that date to be, at the very latest, October 24, 1980, when the Assumption Statement between Capitol Federal and defendants Rye, clearly show-

---

**4.** We have previously noted that plaintiffs are attempting to enlarge the scope of their claim against Capitol Federal by inserting in their proposed amendment to Count IV the nebulous statement that Capitol Federal "participated in misrepresentations" made to plaintiffs. We have already concluded that this backdoor attempt to change the theory of the lawsuit is untenable and does not satisfy the requirements of Rule 9(b), Fed.R.Civ.P. or allege fraudulent concealment. Therefore, it is also irrelevant that "[t]he applicable statute of limitations [for common law fraud] is Section 516.-120(5), R.S.Mo., which allows for a five year period."

ing the terms of the loan as modified, was received by plaintiffs, still more than one year before suit was filed in State court.

Plaintiff William Butler's affidavit does not establish any genuine issue of material fact. The fact that Butler "*was not aware of any irregularities in the terms of the sale of the house* until he received a letter from defendant Capitol Federal soliciting mortgage insurance [which] represented the term of the loan remaining to be twenty-one (21) years," is irrelevant (emphasis added). The issue, as we have stated, is not when plaintiffs may have been aware of any "irregularities in the terms of the sale" —whatever that is supposed to mean. In addition, that letter from Capitol Federal, appended to plaintiffs' affidavit as Exhibit A, is undated and accordingly cannot be said to create a genuine issue of material fact.

### III.

For the reasons stated, plaintiffs' motion for leave to amend will be denied and defendant Capitol Federal's motion to dismiss Count IV, or, in the alternative, for summary judgment, will be granted. As Count IV represents the only ground for jurisdiction in this Court, the remainder of the case will be remanded to the Circuit Court of Jackson County, Missouri.[5]

Accordingly, it is

ORDERED (1) that defendant Capitol Federal's motion to dismiss Count IV or, in the alternative, for summary judgment, should be and the same is hereby granted. It is further

ORDERED (2) that Count IV should be and the same is hereby dismissed. It is further

ORDERED (3) that the remainder of this case should be, and the same is hereby, remanded to the Circuit Court of Jackson County, Missouri.

5. As pointed out by defendant Capitol Federal, we note once again the distinction noted by Judge Hunter in *Fenton v. Citizens Savings Association*, 400 F.Supp. 874 (W.D.Mo.1975), between the failure of a condition precedent,

which would deprive the court of jurisdiction, and bar of the statute of limitations, which would not. We can perceive no consequent disposition of the case which should follow from that distinction.