Margie CHANDLER, et al.

v.

RIVERVIEW LEASING, INC., et al.

Civ. A. No. 84–2411.

United States District Court,
E.D. Pennsylvania.

Dec. 19, 1984.

David A. Scholl, Bethlehem, Pa., for plaintiff.

Steven Fischer, Philadelphia, Pa., J. Samuel Choate, Jr., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

When considering a motion to remand two inquiries must be made. The Court must decide whether removal of the matter from state court was appropriate in the first instance. If so, then the Court must determine whether or not to retain jurisdiction over any pendent state claims. Title 28 U.S.C. § 1441.

Plaintiff claims that the above captioned action was improperly removed from state court and presently seeks to have the entire matter remanded to the Northampton County Court of Common Pleas. Under

Title 28 U.S.C. § 1441(a) "... any civil action brought in a state court of which the district courts have original jurisdiction, may be removed by the defendants to the district court of the United States ..." except as otherwise expressly provided by an Act of Congress. Title 28 U.S.C. § 1441(c) further provides that when a separate and independent claim, removable if sued upon alone, is joined with a non-removable claim(s), the entire action may be removed and the district court may retain jurisdiction over all issues therein or, in its discretion, remand all issues not within its original jurisdiction.

 Currently, plaintiff's complaint contains six counts, five of which deal specifically with Pennsylvania state law. Count two of the complaint alleges violations of the Truth in Lending Act, Title 15 U.S.C. § 1601 et seq., and seeks relief under that Act (15 U.S.C. § 1640). Under the Truth in Lending Act a plaintiff may bring an action in state or federal court, 15 U.S.C. § 1640(e). Therefore, it is clear that Count two alleges a claim or cause of action over which this Court would have original jurisdiction.

The present state of the law is clear that where a plaintiff seeks to enforce a federal statute and requests relief under its provisions in addition to relief under state law claims, there is sufficient ground to remove the entire case to federal district court pursuant to Title 28 U.S.C. § 1441 as long as Congress has not expressly provided otherwise. *Wolgin v. State Mutual Investors*, 442 F.Supp. 974 (E.D.Pa.1977). Furthermore, a suit brought under the TILA is subject to removal from state to federal court. *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649 (D.C.N.Y.1978); *Butler v. Rye*, 544 F.Supp. 143 (D.C.Mo.1982).

In light of the foregoing it is clear that this action was properly removed from state court to federal court based on Count two of plaintiffs' complaint.

Once the Court has determined that an action was properly removed to federal court, it must then decide whether or not it should retain jurisdiction of any pendent state claims. Pursuant to Title 28 U.S.C. § 1441(c) it is within the sound discretion of the district court to retain or remand any state law claims. A review of the complaint in the present action reveals that Counts 1, 3, 4, 5 and 6 are pendent state claims. In light of plaintiffs' uncontested assertion of the novelty of the state law claims the Court concludes it would be preferable for the state courts to address these issues. The interests of all parties will be best served by having the state courts first decide these state issues of first impression. If, as a result, the parties agree that convenience and conservation of judicial resources dictate a remand of Count two of the complaint, we shall recognize and comply with such agreement and request.

Therefore, we will remand the pendent state claims. *DiAntonio v. Pennsylvania State University*, 455 F.Supp. 510 (M.D. of Pa. 1978); *State of Nebraska v. Northwestern ERN Engineering, et al.*, 69 F.Supp. 347 (D.C. Nebraska 1946). An appropriate order follows.

## ORDER

AND NOW, this 19th day of December, 1984, upon consideration of plaintiffs' motion to remand and defendants' response thereto, IT IS ORDERED that plaintiffs' motion is DENIED in part and GRANTED in part. The Court shall retain jurisdiction of Count two of plaintiffs' complaint and remand Counts One, Three, Four, Five and Six to the Northampton County Court of Common Pleas.