Jasper ALEXANDER, by his attorney-in-fact, Betty ALEXANDER; and Betty Alexander

v.

GOLDOME CREDIT CORPORATION, a corporation, and C & J Construction Company, a corporation, and Morris Capsuto.

Civ. A. No. 91–H–380–E.

United States District Court, M.D. Alabama, E.D.

July 10, 1991.

**1218**

Ruth S. Sullivan, Michael Mosley, Dadeville, Ala., for plaintiffs.

Azar & Azar, Charles W. Edmondson, Montgomery, Ala., for Goldome Credit Corp.

Edwin L. Yates, Montgomery, Ala., for C & J Const. and Capsuto.

## MEMORANDUM OPINION AND ORDER

HOBBS, District Judge.

This cause comes before the Court on plaintiffs Jasper and Betty Alexander's motion to remand. A hearing was held on this motion on June 5, 1991. Upon consideration of the motion, defendants' responses thereto, the record, and for the reasons set out herein, the Court finds that plaintiffs' motion is due to be granted.

### I. BACKGROUND

Plaintiffs initiated this action in Tallapoosa County, Alabama circuit court on March 1, 1991 against defendants Goldome Credit Corporation ("Goldome"), C & J Construction Company ("C & J Construction"), and Morris Capsuto ("Capsuto").[1] Plaintiffs' complaints arise from an agreement they entered into on March 4, 1989 with C & J Construction for $7,555.82 worth of exterior home improvements on plaintiffs' residence in Equality, Alabama.[2] To finance the improvements, plaintiffs executed a real estate mortgage on their home. Plain-

---

**1.** Plaintiffs' complaint names Morris Capsato as a defendant. The correct spelling appears to be Capsuto as indicated in Mr. Capsuto's answer.

**2.** Morris Capsuto is alleged to be an agent of C & J Construction.

tiffs contend that the work was not performed to their satisfaction. As a result, plaintiffs refused to sign a certificate of completion. Plaintiffs contend that, notwithstanding the absence of such a certificate, defendant Goldome disbursed to C & J Construction the amount financed under the March 4, 1989 installment sales agreement and mortgage in violation of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* Plaintiffs seek compensatory and punitive damages for fraud and breach of contract as well as rescission of the installment sales agreement and mortgage. The fraud and breach of contract claims are alleged against all three defendants while the Truth in Lending Act claim is directed against defendant Goldome only. Goldome filed a notice of removal on April 8, 1991, alleging that this Court has federal question jurisdiction in this case based on plaintiffs' Truth in Lending Act claim. C & J Construction and Morris Capsuto did not join in the notice of removal. The notice of removal does not contain any explanation as to why Goldome's codefendants did not join in removing the case.

## II. REMOVAL

■ This case presents some interesting questions concerning the process of removal of a case from state to federal court on the basis of federal question jurisdiction. The Court must determine whether this case has been removed properly, and if so, pursuant to what statute. "A federal court presented with a motion to remand is limited solely to the question of its authority to hear the case pursuant to the removal statute." 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3739, at 580 (2d ed. 1985). The right to

remove a case from state to federal court is purely statutory. Regard for the independence of state governments requires federal courts to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) (quoting *Healy v. Ratta,* 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). The burden of establishing federal jurisdiction is upon the party or parties seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988).

### A. *28 U.S.C. § 1441(a) & (b)*

The first possible basis for removal that will be examined is contained in 28 U.S.C. § 1441(a) & (b).[3] Goldome expressly relies on § 1441(b) for removal in this case, alleging that the Court has federal question jurisdiction based on the Truth in Lending Act claim. Plaintiffs contend, however, that § 1441(b) is not a proper basis for removal in this case. The Court agrees, although not for the same reasons as those argued by plaintiffs.

■ Plaintiffs contend that, when federal question jurisdiction is the basis for removal, § 1441(b) only applies in those cases where there is one cause of action and that cause of action is federal in nature. Under plaintiffs' interpretation of § 1441(b), federal question removal could be defeated in all cases simply through the joinder of a state law claim. This construction, however, completely ignores the Court's ability to exercise pendent jurisdiction over related

---

**3.** These provisions define actions that are removable as follows:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending....
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution,

treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties....
28 U.S.C. § 1441(a) & (b). Removal of any case pursuant to either of these sections necessarily involves a combination of both sections. Section 1441(a) allows removal of claims that are within the federal court's original jurisdiction, which encompasses federal question and diversity jurisdiction. Section 1441(b) establishes additional guidelines as to considerations of the parties' citizenship.

claims.[4] *See United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See also* Steinman, *Removal, Remand, and Review in Pendent Claim and Pendent Party Cases*, 41 Vand.L.Rev. 923, 932–33 (1988) (discussing and rejecting the argument that § 1441(c) is the exclusive statutory means of removing cases involving federal and nonfederal claims). Pendent claim jurisdiction is available in removed cases just as it is available in cases originally filed in federal court. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350–51, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988) (noting that, in a case removed under § 1441(a) where plaintiffs' complaint stated a single federal claim and numerous state-law claims, "[t]he state-law claims fell within the jurisdiction of the District Court to which the action was removed because they derived from the same nucleus of operative fact as the federal claim"); *Contemporary Serv. Corp. v. Universal City Studios, Inc.*, 655 F.Supp. 885, 892 (C.D.Cal.1987).

■ Plaintiffs also erroneously argue that removal is prohibited in this case because the Truth in Lending Act does not confer exclusive jurisdiction in the federal courts, but allows for concurrent jurisdiction with state courts. *See* 15 U.S.C. § 1640(e). In other words, plaintiffs contend that remand is called for because the state court is a competent court to hear the federal claim in this case and that is where plaintiffs have chosen to adjudicate their claim. Whether the federal court's jurisdiction over a removed claim is concurrent or exclusive, however, is irrelevant in a removal analysis. An overwhelming majority of courts supports the proposition that "a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited." 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure*, § 3729, at 495 (2d ed. 1985); *see Dorsey v. City of Detroit*, 858 F.2d 338, 341 (6th Cir.1988). Indeed, prior to the 1986 addition of § 1441(e)[5], a claim filed in state court that was within the exclusive jurisdiction of the federal courts could not ever be removed on the theory that removal jurisdiction was derivative. Because the state court lacked jurisdiction over the exclusively federal claim, a federal court could not obtain any jurisdiction from the "transferor" state court through removal. Under that practice, a plaintiff would be forced to refile the federal claim in federal court or drop the claim altogether. *See* Steinman, *supra*, 41 Vand.L.Rev. at 926–27.

■ The key requirement for removal is that the claim be within the federal court's *original*, not necessarily exclusive, jurisdiction. The plain language of § 1441(a) shows that, today, all federal claims, whether of an exclusive or concurrent jurisdictional nature, may be removed to federal court unless there is an express statutory prohibition against doing so.[6] Thus, the fact that the Truth in Lending Act claim

---

4. This doctrine has now been codified at 28 U.S.C. § 1367 as part of the Judicial Improvements Act of 1990, Pub.L. No. 101–650, Title III, § 310(a), 104 Stat. 5089, 5113 (1990). This section, which is titled "Supplemental jurisdiction," provides in part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367. For a discussion of this new provision, see Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act,* 133 F.R.D. 61 (1991).

5. (e) The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.

28 U.S.C. § 1441(e). *See* Judicial Improvements Act of 1985, Pub.L. No. 99–336, § 3, 100 Stat. 633, 637 (1986).

6. An example of a statute prohibiting removal is the Securities Act of 1933, 15 U.S.C. § 77v. Several categories of nonremovable cases also are enumerated in 28 U.S.C. § 1445.

could be heard in state court does not require a remand in this case. Without a doubt, a suit brought under the Truth in Lending Act is subject to removal from state to federal court. *See Chandler v. Riverview Leasing, Inc.*, 602 F.Supp. 157, 158 (E.D.Pa.1984); *Butler v. Rye*, 544 F.Supp. 143 (W.D.Mo.1982); *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649 (S.D.N.Y.1978).

At this point in the analysis, it is clear that, if Goldome were the only defendant in this case, removal undoubtedly would be proper under § 1441(a) and (b). Under 28 U.S.C. § 1331, the Court would have original federal question jurisdiction over the Truth in Lending Act claim, and could exercise pendent claim jurisdiction over the two state claims under 28 U.S.C. § 1367 because all the claims derive from a common nucleus of operative fact and are such that a plaintiff ordinarily would be expected to try them all in one judicial proceeding.[7]

Goldome, however, is not the only defendant in this case. State law claims are alleged against C & J Construction and Capsuto. Nevertheless, § 1367 now allows for the exercise of pendent *party* jurisdiction, the absence of which previously presented a large obstacle in cases such as this one, where federal and state claims are asserted against one defendant, only state claims are alleged against other defendants, and the entire case is then removed.[8] *See Charles D. Bonanno Linen Serv., Inc. v. McCarthy*, 708 F.2d 1 (1st Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983); *Johnson v. AT & T Technologies, Inc.*, 713 F.Supp. 885 (M.D. N.C.1989); *Adolph Coors Co. v. Sickler*, 608 F.Supp. 1417 (C.D. Cal.1985).[9] *See also*

Steinman, *supra*, 41 Vand.L.Rev. at 975–990 (discussing in detail the problems presented with pendent party jurisdiction in removed cases). Thus, notwithstanding the absence of any federal claims alleged against C & J Construction and Capsuto, it is possible that the Court could exercise pendent party jurisdiction over these parties. The Court need not decide this question, however, because, as the discussion below reveals, the notice of removal in this case is defective for removal under § 1441(a) and (b).

## B. *Procedural Defects*

■ It is well established that the notice of removal must be signed or joined in by all defendants over whom the state court has acquired jurisdiction. *See* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3731, at 505–07 (2d ed. 1985). Those defendants joining in the removal must explain the reasons for the absence of other co-defendants. In this case, Goldome is the only defendant who has filed a notice of removal. Goldome provides no explanation concerning the absence of C & J Construction and Capsuto's joinder in the removal. Normally, a mistake such as this may be corrected through an amendment to the notice of removal. Once the initial thirty-day period for removal set forth in 28 U.S.C. § 1446(b) has expired, however, the notice of removal "may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition." 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3733, at 537 (2d ed. 1985). The absence of allegations that all defendants consent to removal is a substantive, rather

---

**7.** *See* note 4, *supra*.

**8.** Section 1367 overrules *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which rejected the concept of pendent party jurisdiction absent express Congressional authorization. *See* H.R.Rep. No. 734, 101st Cong., 2d Sess. 27–30, *reprinted in* 1990 U.S.Code Cong. & Admin.News 6802, 6873–76.

**9.** In *Bonanno, Johnson,* and *Coors* the courts were constrained to exercise pendent party jur-

isdiction in light of the Supreme Court's holding in *Aldinger.* Faced with such a situation, the courts chose to retain the federal question claims and remand the state law claims. One reason for this "partial remand" approach was to avoid giving a plaintiff the power to defeat removal simply by including a related state law claim against a defendant along with federal claims against other defendants. *See also* Steinman, *supra*, 41 Vand.L.Rev. at 986. The availability of pendent party jurisdiction through § 1367, however, now eliminates this concern.

than technical defect, and the notice of removal may not be amended following the thirty-day removal period to include such an allegation. *See P–Nut Carter's Fireworks, Inc. v. Carey,* 685 F.Supp. 952, 953 (D.S.C.1988); *Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1449 (N.D.Ill.1987); *Courtney v. Benedetto,* 627 F.Supp. 523, 527 (M.D.La.1986); *Mason v. I.B.M.,* 543 F.Supp. 444, 446 (M.D.N.C.1982). The thirty-day time limit, while not jurisdictional, is mandatory. *Courtney,* 627 F.Supp. at 527. *See also Clyde v. National Data Corp.,* 609 F.Supp. 216 (N.D.Ga.1985).

■ In this case, Goldome's notice of removal, which is defective because of the absence of any allegations concerning the failure of C & J Construction and Morris Capsuto to join in the removal, was filed on the thirtieth day after receipt of service of the complaint. Clearly, the time has long since passed to include these two co-defendants in the notice of removal.[10] *See Bellone v. Roxbury Homes, Inc.,* 748 F.Supp. 434, 437 n. 1 (W.D.Va.1990). This defect renders § 1441(b) unavailable as a possible basis for removal. *See Knowles v. American Tempering Inc.,* 629 F.Supp. 832 (E.D.Pa.1985).

Although Goldome's notice of removal is insufficient to properly remove the case under § 1441(b), this determination does not end the matter. There are several exceptions to the rule requiring the joinder or explanation of the absence of all codefendants. *See Courtney,* 627 F.Supp. at 526 (discussing exceptions to the general rule that all defendants must join or consent to the petition for removal). One of these exceptions may be applicable in this case. Under 28 U.S.C. § 1441(c), only the defendant to the separate and independent federal claim need seek removal.[11] In order to determine if this exception saves Goldome's notice of removal, it is necessary to evaluate the propriety of removal in this case under the requirements of § 1441(c).

### C. *28 U.S.C. § 1441(c)*

The "separate and independent claim" removal provision, 28 U.S.C. § 1441(c), allows for removal of the entire case by one defendant. On December 1, 1990, Section 1441(c) was amended to apply *only* to federal question cases.[12] *See* H.R.Rep. No. 734, 101st Cong., 2d Sess. 22–23, *reprinted in* 1990 U.S.Code Cong. & Admin.News 6802, 6868–69. In its present form, the new version of § 1441(c) will see little use. The enactment of § 1367, which codifies the doctrine of pendent claim jurisdiction and authorizes the use of pendent party jurisdiction, will provide all the jurisdictional support that is needed, or could be provided, to bring a case involving a mix of federal and nonfederal claims before the court under § 1441(a) and (b). The statute

---

**10.** Similarly, defendants cannot now allege that diversity is a proper basis for removal. The first indication that diversity would support removal in this case is contained in a footnote in C & J Construction and Morris Capsuto's response to plaintiffs' motion to remand, which was filed on May 29, 1991, almost two months following removal. At the hearing on this matter, these defendants indicated that they were simply relying on Goldome's notice of removal and did not feel the need to file a notice of removal alleging diversity. At that time, the Court expressed concern that C & J Construction and Morris Capsuto may have committed an error in waiting to do so in the event Goldome's notice of removal proved to be defective. A review of the law regarding removal has proven this concern to be valid. Defendants cannot come in at this late hour to allege an entirely different basis for this Court's jurisdiction. *See* 14A C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3733, at 537–38 (2d ed. 1985), and cases cited therein.

**11.** Other exceptions to this rule are: (1) nominal or merely formal parties do not have to join in the notice of removal; (2) defendants who have been fraudulently joined to defeat removal are not required to participate; (3) joinder is not required of a defendant who has not been served at the time the removal petition is filed. None of these exceptions apply in this case.

**12.** The amended version of § 1441(c) now reads:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c), as amended by the Judicial Improvements Act of 1990, Pub.L. No. 101–650, Title III, § 312, 104 Stat. 5089, 5114 (1990).

goes to the constitutional limit in allowing courts to exercise such jurisdiction. In a mixed claim case, the federal claim serves as the touchstone for removal as it has always done, and the remaining claims and parties will ride along.[13] Thus, it can be seen that § 1441(c) is not really needed anymore. *See* Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act,* 133 F.R.D. 61, 78–79 (1991) (discussing whether there is any need now for § 1441(c) in light of the enactment of § 1367). The House Report of the Committee on the Judiciary also acknowledges that many cases involving state and federal claims can be removed through a combination of §§ 1441(a) and 1367. *See* H.R.Rep. No. 734, 101st Cong., 2d Sess. 23, *reprinted in* 1990 U.S.Code Cong. & Admin.News 6802, 6869. The facts of this case, however, where procedural irregularities have rendered § 1441(a) and (b) unavailable, present one of the few situations where § 1441(c) may find some use.

In *American Fire & Casualty Insurance Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), the Supreme Court adopted a strict view of the terms "separate and independent" as used in § 1441(c). The *Finn* Court held that "where there is a single wrong to [the] plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." *Id.* at 14, 71 S.Ct. at 540.[14] While the subsequent application of the *Finn* test has resulted in a substantial lessening of the number of cases that can be removed under § 1441(c), it seems that most of those cases were those in which diversity was the alleged basis for removal. It cannot be said that the Supreme Court in *Finn* meant to completely foreclose the use of § 1441(c) as a basis for removal.

■ The Court finds that, in this case, § 1441(c) provides a viable basis for remov-

al. Plaintiffs' Truth in Lending Act claim, alleged only against defendant Goldome, is not contingent on the outcome of the fraud and breach of contract claims. It is possible that Goldome may have violated the provisions of the Truth in Lending Act, but that the work on plaintiffs' residence was performed properly by C & J Construction. Accordingly, the federal Truth in Lending Act claim provides a basis for removal of the entire case under § 1441(c). *See Butler v. Rye,* 544 F.Supp. 143, 145 (W.D.Mo. 1982) (holding that Truth in Lending Act claim was "separate and independent" from tortious misrepresentation claims; removal under § 1441(c) proper). As stated previously, the failure of all defendants to join in the notice of removal is not fatal to a removal under § 1441(c). Only the defendant to the separate and independent claim, Goldome in this case, need seek removal. Goldome has done so here. Thus, while § 1441(c) will likely see little use in the future, this case presents facts on which only § 1441(c) can support removal.

## III. REMAND

■ Once a case is removed properly pursuant to § 1441(c), the district court has two options. First, it "may determine all issues therein," i.e. decide all claims, state and federal, on the merits. Alternatively, the court may, in its discretion, "remand all matters in which state law predominates." 28 U.S.C. § 1441(c). The remand clause also was amended on December 1, 1990.[15] It formerly stated that the district court could "remand all matters not otherwise within its original jurisdiction." The question is whether the new remand clause allows the court to send back the *entire* case to state court, including the separate and independent federal claim, if state law is found to predominate. Upon consideration of the matter, this Court finds that the

---

13. Section 1367(c) provides the court with the discretion to decline to exercise pendent jurisdiction under certain circumstances.

14. The 1990 amendments to § 1441(c) did not eliminate the "separate and independent" re-

quirement, so *Finn* remains the applicable standard.

15. *See* Judicial Improvements Act of 1990, Pub.L. No. 101–650, Title III, § 312, 104 Stat. 5089, 5114 (1990).

new remand clause does allow for such a result.

The legislative history of the amendment provides no guidance. Obviously, given the recent enactment of this amendment, there is very little case law interpreting this provision. The clear trend among the few jurisdictions that have considered this question, however, is that the amended remand clause of § 1441(c) now allows for a remand of the entire case, federal claim included, where "state law predominates." The first interpretation of the new § 1441(c) appears in *Martin v. Drummond Coal Co., Inc.*, 756 F.Supp. 524 (N.D.Ala. 1991). In *Martin*, the court had to determine whether an entire case could be remanded under the amended version of § 1441(c) or whether only the state law claims of fraud and breach of fiduciary obligation could be returned to state court. The court noted the amendment of the § 1441(c) remand clause and characterized the change as "dramatic." *Id.* at 525. The court next discussed the sparse legislative history of the new statute, but concluded that the overall intent behind the amendments was to reduce the federal courts' removal jurisdiction. In light of this purpose, the court held that "matters" as used in § 1441(c) meant the entire case, not just the state law claims. The plaintiff's state law claims in *Martin* overwhelmingly predominated over the federal due process claim. *Id.* at 527. As a result, the court remanded the entire case to state court notwithstanding that removal was apparently properly achieved through § 1441(c).[16]

The *Martin* court, however, apparently had some second thoughts about the propriety of remanding an entire case under § 1441(c). The issue arose again in *Holland v. World Omni Leasing, Inc.*, 764 F.Supp. 1442 (N.D.Ala.1991), where plaintiff alleged state law claims of fraud and breach of contract, and a federal RICO claim. The case was removed pursuant to

§ 1441(c) and plaintiff moved for remand. The court initially noted that it had some doubt as to its construction of the remand provision of § 1441(c) in *Martin*. After reviewing several other authorities that supported the position taken in *Martin*, however, the court held that state law predominated in the case and remanded the entire "matter," including the RICO claim, to state court. *Id.* at 1444.

Included in the material discussed in *Holland* is an unreported case from Kansas, *Peoples National Bank v. Darling*, No. 91–1052–K (D.Kan. April 1, 1991) (1991 WL 45716). In dicta, Judge Patrick Kelly discussed the amended version of § 1441(c). The court stated:

> The plain language of this amendment makes clear that Congress has again intended to restrict somewhat the federal court's removal jurisdiction. That is, the first part of the amendment mandates that the separate and independent claim must be a federal question under 28 U.S.C. § 1331—if the court only has diversity jurisdiction of a separate and independent claim, 28 U.S.C. § 1441(c) will no longer support removal of the entire case. The second part of the amendment gives the federal court discretionary authority, where before it had none, to remand the *entire case* to state court if state law predominates.

*Id.* slip op. at 6.[17] (emphasis added).

Next, Professor David Siegel, in his discussion of the Judicial Improvements Act of 1990 amendments, addresses the language of the new § 1441(c) remand clause. Professor Siegel writes:

> Note that the word used by the statute is still "matters." The federal court can remand all "matters" in which state law predominates. If "matters" is construed to include all "claims", then a combination of claims in which a federal claim is one but in which state law is found to "predominate" may justify a remand of

---

16. The *Martin* court did not discuss whether the "separate and independent" requirement of § 1441(c) was met. The opinion focused on the issue of remand.

17. There was no federal question in the plaintiff's complaint in *Darling*, however, so the court did not apply this reading of the remand provision in the case.

the whole case, with the federal claim included.

Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act*, 133 F.R.D. 61, 78 (1991) (Professor Siegel's remarks also appear in the Commentary on 1990 Revision contained in the 1991 pocket part of United States Code Annotated at those sections affected by the 1990 Act).

This interpretation is consistent with Congress' intent to restrict removal jurisdiction. Allowing for a remand of the entire case allows a court to avoid piecemeal litigation and to properly limit those cases removed to federal court to those that truly present federal issues. The case at bar is a prime example of a case that should be heard in state court. To allow the entire case to be removed to federal court on the basis of a relatively insignificant federal claim when compared to the state law claims is a classic illustration of "the tail wagging the dog." There can be no doubt but that state law "predominates" in this case. This conclusion is further supported by plaintiffs' claim for punitive damages for breach of contract. Plaintiffs hope to prevail on an exception to the general rule in Alabama that punitive damages are not recoverable for breach of contract. Whether such a recovery can be had in this case is a determination uniquely fit for the Alabama state courts to confront. Accordingly, the Court finds that the entire case, including the Truth in Lending Act claim, is due to be remanded to state court.[18]

## IV. CONCLUSION

Defendant Goldome's notice of removal is insufficient to accomplish removal under 28 U.S.C. §§ 1441(a) and (b) because of the failure of defendant C & J Construction and Capsuto to join in the removal. Under § 1441(c) only the defendant to the separate and independent federal claim need seek removal. Goldome meets the require-

ments of § 1441(c) because plaintiffs' Truth in Lending Act claim is separate and independent from the state law claims. State law clearly predominates, however, and the Court finds in its discretion that a remand of the entire case is required.

---

**18.** If the federal claim in this case fell within the Court's exclusive jurisdiction, rather than concurrent, remand of the entire case would be improper because the state court would be unable to hear the federal claim. In such a situation, a remand of the entire case would frustrate plaintiff's attempts at finding a forum for the federal claim. The court could elect to hear the entire case using pendent jurisdiction under 28 U.S.C. § 1367, or could resort to the "partial remand" approach discussed earlier.