John H. MARTIN, Plaintiff,

v.

DRUMMOND COAL COMPANY, INC., et al., Defendants.

Civ. A. No. 91–AR–0142–S.

United States District Court, N.D. Alabama, S.D.

Feb. 6, 1991.

---

Thomas R. Christian, Montgomery, Ala., Clarence M. Small, Jr., Rives & Peterson, J.L. North, J. Timothy Francis, Birmingham, Ala., for plaintiff.

Fournier J. Gale, III, Maibeth J. Porter, Kathie A. Weber, Maynard, Cooper, Frierson & Gale, Birmingham, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration the motion of John H. Martin, plaintiff in the above-entitled case, to remand it to the Circuit Court of Jefferson County, Alabama, from whence it was removed on January 22, 1991, by defendants, Drummond Coal Company, Inc., et al. Also for consideration is plaintiff's motion to strike the affidavit of Robert K. Payson, filed by defendants in opposition to plaintiff's motion to remand.

Briefs were filed by both sides, and the court heard oral argument on February 1, 1991. Realizing that an early decision on the question of removability is needed because of the existence of an informal extension of a temporary restraining order which was entered by the Circuit Court of Jefferson County prior to the removal, this court has expedited its consideration of the matter.

The removal was based upon 28 U.S.C. § 1331 and defendants' allegation that the action could originally have been brought in this court because it presents a federal question. The facts pertinent to the removal issue under § 1331 are not in dispute.

Probably because both sides were unaware of the import of one provision of the Federal Courts Study Committee Implementation Act of 1990 (the "Act"), Public Law No. 101–650, title III, enacted on December 1, 1990, neither plaintiff nor defendants discussed this new statute in brief or oral argument. If plaintiff had been aware of this new statutory provision, he would have urged it upon the court. If defendants had been aware of it, they either would not have removed the case in the first place or would have attempted to explain their way around this new provision. As far as this court can ascertain, the instant case is the first in which 28 U.S.C. § 1441(c), as amended by § 321 of the Act, is unavoidably implicated. The statute, as thus amended, provides:

> Whenever a separate and independent cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or *in its discretion, may remand all matters in which State law predominates.*

(emphasis supplied).

The words "may remand all matters in which State law predominates" were substituted for the former words "may remand all matters not otherwise within its original jurisdiction". This is a dramatic change. The legislative history on the amendment is sparse and enigmatic. Congress was obviously in a hurry. However,

the author of this opinion was privileged to attend a seminar at Yale Law School at which the legislation which ended up as the Act adopted on December 1, 1990, was under consideration by Congress. The so-called Biden Bill and its potential impact on federal court administration were the primary subjects of the said conference. The chief counsel to the Senate Judiciary Committee, one of the draftsmen of the Bill, was present at the conference, as were a large number of Article III judges. Loud and clear emerged a difference of opinion between a majority of the federal judges present and the Congressional representative over many of the concepts in the draft Bill, but there was virtual unanimity over the need to subtract substantially from the removal jurisdiction of the federal courts. Consensus on this subject is reflected in the new language of § 1441(c), which obviously and significantly changes federal question removal under § 1331.

The original complaint filed by Mr. Martin in the Alabama court was clearly a pure state law action for fraud and breach of fiduciary obligation. It gave no hint of the brooding existence of a putative federal question. Then, in anticipation of a threatened defense of *res judicata* based on a decree earlier entered by the Chancery Court of New Castle County, Delaware, plaintiff amended his complaint, adding a collateral attack on the Delaware decree insofar as it ostensibly adjudicates plaintiff's rights, and charging that to apply the said decree as a bar to plaintiff here would constitute a violation of the "due process" guaranteed by the Constitution of the United States.

If the Alabama pleading rules which were in effect when the author of this opinion began practicing law in Alabama were still in effect, and if defendants had interposed a "plea" setting up the affirmative defense of *res judicata*, plaintiff would have filed a "replication" in order to collaterally attack the Delaware decree. However, under the current Alabama Rules of Civil Procedure, which closely parallel the Federal Rules of Civil Procedure, a plaintiff's defense to an affirmative defense must be set up by an amendment to his complaint. In the instant case, plaintiff argues persuasively that he could and would have waited before amending until defendants plead *res judicata* in their answer but for plaintiff's need to seek extraordinary and early injunctive relief against defendants' threatened enforcement of the Delaware decree. There is little logic in drawing the line between removability and non-removability based on whether or not plaintiff attacked the Delaware decree on "due process" grounds by amending his complaint *before* the *res judicata* defense was interposed and amending his complaint *after* the *res judicata* defense is interposed. In either event, the "due process" issue is made necessary by defendant's position and did not appear on the face of the original, well-pleaded complaint. The "well-pleaded complaint rule" is so ingrained in federal question removal jurisprudence that it needs no citation of authority.

In the procedural posture of this case, plaintiff argues that his defensive allegation of a "due process" violation is not an essential element of his claim and does not create a plaintiff-created ground for removal. His authorities for this proposition are *Gully v. First National Bank of Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), and *In re Carter*, 618 F.2d 1093 (5th Cir.1980), both of which constitute precedents binding on this court. If this court were inclined to do so, it could distinguish both of these cases from the instant case, but the principle there enunciated is certainly applicable here. This court also finds instructive *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), in which the Supreme Court indicates that a federal question which appears no more than as a part of a state cause of action, is not the stuff of which removal jurisdiction is made. These ideas are consistent with what the Supreme Court said much earlier in *Barrow v. Hunton*, 99 U.S. 80, 25 L.Ed. 407 (1879), where it held:

> If the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment for irregularity, or to a writ of error, or to a bill of review or

an appeal, it would belong to the latter category [collateral matters] and the United States Court could not properly entertain jurisdiction of the case.

99 U.S. at 82–83.

In this court's opinion, plaintiff would have been entitled to a remand under the pre-Act regime, but on December 1, 1990, the fate of a removal under these particular circumstances was sealed. By its use of the words "may remand all matters in which State law predominates", Congress granted broad discretion to a federal district court. It invariably requires a value judgment by the federal court in order to decide whether or not "state law predominates" if state law is at all involved. The intention to confer broad discretion in this regard on the district court would be discernible from the Congressional choice of words even without the long-recognized rule that removal statutes are to be construed narrowly against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). This court harbors no reservation about its conclusion that the Alabama law claims alleged by Mr. Martin predominate *overwhelmingly* in this case. The entire "matter", as the word "matter" is used in amended § 1441(c), should be remanded. In practical application, it would be impossible to remand the state claims here and to retain the tangential federal claim which is inexorably tied to the state claim. To do so would make no sense whatsoever. It seems, then, that this case is a case for which the recent amendment to § 1441(c) was designed. It would probably constitute an abuse of discretion *not* to remand the case.

Although not crucial to this decision, the court finds it of passing interest that defendants apparently were satisfied with the state forum in Delaware but want a federal forum in Alabama. This court has no reason to believe that it is any more capable than the Circuit Court of Jefferson County is of understanding and applying the doctrine of *res judicata* and the constitutional principle of "due process", particularly as that principle may appear in *Woodrow v.*

*Colt Industries, Inc.*, 77 N.Y.2d 185, 565 N.Y.S.2d 755, 566 N.E.2d 1160 (1991).

Although the court agrees with plaintiff that the affidavit of Robert K. Payson is relevant only on the merits of the "due process" issue and therefore is not relevant to the removal issue, this opinion and the accompanying order of remand renders moot plaintiff's motion to strike the affidavit.

For the foregoing reasons, this case will be remanded to the state court by separate order.