Joe Alexander **HOLLAND**, et al., **Plaintiffs,**

v.

**WORLD OMNI LEASING, INC.**, et al., **Defendants.**

**Civ. A. No. 91–AR–0751–M.**

United States District Court, N.D. Alabama, M.D.

May 21, 1991.

---

**7.** We find that Prudential's notification letter was "written in a manner calculated to be understood by the participant."

Leon Garmon, Gadsden, Ala., for plaintiffs.

Andrew P. Campbell, S. Lynne Stephens, Leitman Siegal Payne & Campbell, Birmingham, Ala., and Steve P. Brunson, Simmons Brunson & McCain, Gadsden, Ala., for defendants.

## MEMORANDUM OPINION

ACKER, District Judge.

The court has for consideration the motion of Joe Alexander Holland and Marcia C. Holland, plaintiffs in the above-entitled case, to remand the case to the Circuit Court of Etowah County, Alabama, from whence it was removed. The original complaint contained, and still contains, three counts or theories of liability. Count One charges "fraud and misrepresentation", invoking state law. Count Two charges "breach of contract", invoking state law. Count Three invokes the Racketeer Influence and Corrupt Organization Act (RICO), 18 U.S.C. § 1961, *et seq.*, but describes as the alleged "predicate acts" the same basic facts complained of in Counts One and Two.

On May 2, 1991, this court ordered plaintiffs either to eliminate their RICO claim or to notify the court of their intention not to do so. An election to forego the RICO theory would have made it a simple matter for the court to grant plaintiffs' motion to remand. On May 7, 1991, plaintiffs refused to make this court's decision an easy one, electing to proceed with their RICO claim. Plaintiffs simultaneously amended their motion for remand to suggest the alternative solution of retaining the RICO count while sending back to the state court the two counts based on state law.

During oral argument on plaintiffs' motion to remand prior to its amendment, the court brought to the parties' attention something they obviously were unaware of, namely, that 28 U.S.C. § 1441(c), had been amended on December 1, 1990, a fact which this court had previously brought to the attention of the parties to another removal in *Martin v. Drummond Coal Company, Inc.*, 756 F.Supp. 524 (N.D.Ala.1991). This court expressed to the parties in the current case some doubt about whether it had been correct in *Martin* in its interpretation of the amended § 1441(c). This doubt may explain why plaintiffs now seek, alternatively, the remand only of their state law claims.

Subsequent to this court's decision in *Martin*, at least two other courts have surprised the parties in removal cases by revealing to them the existence of the December 1, 1990, amendment to § 1441(c). On April 1, 1991, Judge Patrick Kelly of the District of Kansas decided *Peoples National Bank v. Darling*, 1991 WL 45716 (D.Kan.1991), in which he held:

Section 1441(c) has recently been amended by § 312 of the Judicial Improvements Act of 1990, P.L. 101–650, Dec. 1, 1990, as follows:

Section 1441(c) of Title 28, United States Code, is amended—

(1) by striking out ", which would be removable if sued upon alone" and inserting in lieu thereof "within the jurisdiction conferred by section 1331 of this title"; and

(2) by striking out "remand all matters not otherwise within its original jurisdiction" and inserting in lieu thereof "may remand all matters in which State law predominates."

104 Stat. 5089, 5114. As amended, that statute now reads as follows:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).

The plain language of this amendment makes clear that Congress has again intended to restrict somewhat the federal

courts' removal jurisdiction [citations omitted], that is, the first part of the amendment mandates that the separate and independent claim must be a federal question under 28 U.S.C. § 1331—if the court only has diversity jurisdiction of a separate and independent claim, 28 U.S.C. § 1441(c) will no longer support removal of the entire case. The second part of the amendment gives the federal court discretionary authority, where before it had none, *to remand the entire case to state court if state law predominates.*

1991 WL 45716 at *5 (emphasis supplied).

According to Judge Kelly, even if there is a federal question identified in plaintiff's well-pleaded complaint, as is true in the instant case, § 1441(c) can still justify remanding the entire case "if state law predominates". In the instant case, plaintiffs' RICO claim is so intertwined with, and so indistinguishable from, their state law claims as to be very difficult, it not impossible, to treat separately. If this court should retain only the RICO claim, there would invariably be a race-to-judgment between the federal court and the state court, and the first court to decide its case might create a serious *res judicata* problem for the other court. This consideration may have influenced Congress when it chose its words in the amendment to § 1441(c), imperfect though these words may be.

The other case decided subsequent to *Martin* was decided on April 17, 1991, by Judge Jay Waldman of the Eastern District of Pennsylvania. In *Krauss v. Hayden Woods, Ind.,* 1991 WL 63851 (E.D.Pa.1991), Judge Waldman analyzed and applied the amendment to § 1441(c) as follows:

Plaintiff contends that the court does not have jurisdiction over the case because there is no separate and independent claim for purposes of 28 U.S.C. § 1441(c). Defendants contend that removal under § 1441(c) was appropriate because the claims asserted in counts two and three are separate and independent from the claim asserted in count one. The burden

is on the defendants to prove that removal is proper.

\* \* \* \* \* \*

We conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent cause of action under § 1441(c).

\* \* \* \* \* \*

Apparently unnoticed by counsel, Congress has amended § 1441(c) to eliminate removal jurisdiction over separate and independent claims based on diversity of citizenship.

\* \* \* \* \* \*

It is clear that the claims alleged to be separate and independent do not involve a federal question. There is no removal jurisdiction under § 1441(c) in the present case.

As demonstrated, not only have other courts agreed with *Martin* without citing it, but the "Commentary on 1990 Revision" by David D. Siegel, found at 1991 Cummulative Annual Pocket Part, United States Code Annotated under Title 28 §§ 1441 to 1445, at p. 5, says:

Note that the word used by the statute is still "matters". The federal court can remand all "matters" in which state law predominates. If "matters" is construed to include all "claims", then a combination of claims in which a federal claim is one but in which state law is found to "predominate" *may justify a remand of the whole case, with the federal claim included.*

(emphasis supplied).

Although Mr. Siegel, the commentator, readily admits to being unsure of the full Congressional intent, this court is now satisfied that it was correct in *Martin* and no longer has any hesitancy in finding in the instant case that "state law predominates". Therefore, by separate order the court will remand the entire "matter" to the Circuit Court of Etowah County, Alabama.

█ In an apparent attempt to eliminate the predominance of the interlocking state

law claims, defendants have filed a motion for partial summary judgment challenging the state law claims. A federal court must be careful not to purport to determine the merits of a controversy while dealing with a jurisdictional question in the context of a removal. *Farmers' Bank & Trust Co. v. Atchison, T. & S.F. Ry. Co.*, 25 F.2d 23, 27 (8th Cir.1928). Therefore, this court must respectfully decline to address defendants' motion for partial summary judgment.

The order of remand will render moot the pending motion to consolidate this case with *Lloyd Valentine v. World Omni Leasing, Inc., et al.*, CV 91–L–0844–S, and will have the effect of sending the other pending motions to the state court along with the case.