United States Court of Appeals,

Eleventh Circuit.

No. 95-6878.

In re CITY OF MOBILE, Petitioner.

Jan. 31, 1996.

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Alabama. (No. CV 95-0509-CB-C), Charles R. Butler, Jr., Chief Judge.

Before HATCHETT, COX and BIRCH, Circuit Judges.

HATCHETT, Circuit Judge:

This case is before the panel on a petition for writ of mandamus. We direct the district court to reconsider its decision.

BACKGROUND

On June 29, 1993, Melvin Thornton, Sr. sustained serious injuries when a vehicle driven by Michael Kahalley struck his car. At the time of the collision, officers of the Mobile, Alabama Police Department were engaged in a high-speed chase of Kahalley. On September 20, 1993, Thornton and family members (respondents) filed suit in Alabama state court against Kahalley, the City of Mobile, Police Officer David Preston and various fictitious parties. The suit alleged negligence, wantonness, and dram shop liability causes of actions under Alabama state law. On June 14, 1995, respondents filed a fourth amended complaint adding a cause of action under 42 U.S.C. § 1983 for violation of rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. Originally, the case was set for trial in state court on June 26, 1995; it was continued, however, until November 5, 1995. On June 27, 1995, petitioners, with the exception of

Kahalley, removed the case to federal court pursuant to 28 U.S.C. § 1441(b) and (c).

Respondents moved to remand the entire case to state court. The district court in the Southern District of Alabama granted the motion remanding the entire case, including the section 1983 claim, to state court. In support of its order, the district court relied on 28 U.S.C. § 1367(c)(2) and (c)(4). Petitioners request that this court issue a writ of mandamus ordering the district court to retain and hear the entire case.

CONTENTIONS

Petitioners contend that the district court erred in remanding the entire case to state court and assert that the district court should have retained all of the claims. Petitioners contend that the language of 28 U.S.C. § 1367(c) is clear and unequivocal and only empowers a district court to decline supplemental jurisdiction. Petitioners argue that this court should adopt the reasoning of *Borough of West Mifflin v. Lancaster,* 45 F.3d 780 (3d Cir.1995), which prohibited a district court from remanding a properly removed federal claim to state court.

Respondents contend that remanding an entire case, including a properly removed federal claim, is appropriate under section 1367(c)(2) where the state claims substantially predominate over federal claims. Respondents argue that the district court correctly found that the state law issues substantially predominated over the federal issues. Respondents also contend that under section 1367(c)(4), the district court properly remanded the entire case to state court because other compelling reasons

exist to remand. Alternatively, respondents contend that the district court could have remanded the entire case under section 1441(c).

## ISSUE

The sole issue we address is whether, under 28 U.S.C. § 1367(c), a district court has discretion to remand to state court a case that includes a properly removed federal claim.

## DISCUSSION

Initially we note that when a district court remands a case based on reasons not authorized in 28 U.S.C. § 1447(c), we have jurisdiction to review such an order on a petition for writ of mandamus. *In re Surinam Airways Holding Co.,* 974 F.2d 1255, 1257 (11th Cir.1992).

Section 1367(c) cannot be fairly read as bestowing on district courts the discretion to remand to a state court a case that includes a properly removed federal claim. *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 787 (3d Cir.1995). According to section 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A. § 1367(a) (West 1993). Under section 1367(c), district courts have the discretion to refuse to exercise supplemental jurisdiction. The section provides that

> district courts may decline to exercise *supplemental jurisdiction* over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of state law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C.A. § 1367(c) (West 1993) (emphasis added).

In this case, the district court acknowledged that the terms of section 1367(c) do not expressly authorize it to remand a federal claim to state court, but the court found support for doing so in the doctrine of pendent jurisdiction as construed in *Carnegie Melon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). While we accept the district court's conclusion that section 1367 is rooted in the doctrine of pendent jurisdiction, we reject its interpretation of *Carnegie Melon* as allowing federal courts to remand properly removed federal claims to state courts. In *Carnegie Melon,* the Court addressed the issue of "whether a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain." *Carnegie Mellon,* 484 U.S. at 345, 108 S.Ct. at 616. The Court concluded that a district court has discretion to remand pendent claims to state court when doing so furthers the principles of judicial economy, convenience, fairness, and comity. *Carnegie Mellon,* 484 U.S. at 357, 108 S.Ct. at 622-23. The district court in this case relied upon sections 1367(c)(2) and (c)(4) in concluding that it could remand the entire case including the federal claim to state court.

The district court exceeded its discretionary authority in remanding the entire case pursuant to section 1367(c)(2) and (c)(4) because it remanded the case on grounds not provided for in the controlling statute. *See Thermtron Products v. Hermansdorfer,* 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976) (finding that a district court exceeded its authority in remanding a case for reasons not provided for in 28 U.S.C. § 1447(c)). While the district court in this case outlined ostensibly compelling reasons for remanding the entire case, we find no support for the district court's decision in section 1367(c), its legislative history, or relevant case law.[1] As the Supreme Court stated in *Thermtron Products,* "we are not convinced that Congress ever intended to extend carte blanche authority to district courts to revise the federal statutes governing removal by remanding cases on grounds that seem justifiable to them but which are not recognized by the controlling statute." *Thermtron Products,* 423 U.S. at 351, 96 S.Ct. at 593. Accordingly, we hold that the district court must retain jurisdiction over the properly removed federal claim.

Respondents urge this court to find, as an alternative to section 1367(c), that the district court had authority under 28 U.S.C.A. § 1441(c) to remand the entire action. We need not consider this suggestion because we agree with the district court's conclusion that no separate and independent cause of action exists under these facts. Under section 1441(c),

---

[1] For example, in deciding to remand the entire case, the district court placed great emphasis on the state court's expenditure of its judicial resources during a two-year period in pre-trial matters in preparation for the case.

> [w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or in its discretion, may remand all matters in which State law predominates.

28 U.S.C.A. § 1441(c) (West 1994). The district court correctly found that the claims here were not separate and independent. Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c). *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 102 (1951). In this case, a single accident occurred, and state and federal claims were filed based on that accident. Therefore, section 1441(c) is not applicable because no separate and independent claim exists.

CONCLUSION

Because the district court exceeded its authority in remanding the properly removed federal claim, we direct the district court to reconsider its decision to remand the entire case to the state court.

REMANDED.

BIRCH, Circuit Judge, dissenting:

Because I believe that the district court correctly remanded the entire underlying case to state court, albeit under the wrong reasoning and statutory authority, I dissent. I agree with the majority that 28 U.S.C. § 1367(c) was the improper basis to support remand of the entire underlying case, which includes a 42 U.S.C. § 1983 claim, because section 1367(c) accords a district court

discretion to decline supplemental jurisdiction over *state law claims* in definitive situations.[1] I disagree, however, with the majority and the district court's dismissal of 28 U.S.C. § 1441(c) as the basis for remanding the entire underlying case because the federal claim was not separate and independent from the state law claims. My review of the legislative history for the applicable 1990 amendment to section 1441(c) convinces me that the district court was authorized under this statute to remand the entire underlying case to state court.

I. THE "SEPARATE AND INDEPENDENT CLAIM" LANGUAGE OF SECTION 1441(c)

The amendment of 28 U.S.C. § 1441(c) in 1990 resulted from the recommendation of the Federal Courts Study Committee ("Committee"), which was created by the Judicial Improvements and Access to Justice Act of 1988 to study and report to Congress on certain issues relating to the federal courts. The Committee's recommendations are contained in the Report of the Federal Courts Study Committee ("Report"), dated April 2, 1990. The Committee recommended **repeal** of section 1441(c), "concerning removal of separate and independent claims," because of the problems encountered in the interpretation of "separate and independent" claims in administering this statute by the federal courts. Report at 94, 95.

---

[1] 28 U.S.C. § 1367(c); *see Palmer v. Hospital Auth.,* 22 F.3d 1559, 1563 (11th Cir.1994) ("Section 1367 codifies the concepts previously known as pendent and ancillary jurisdiction," and it retains the dichotomy formerly derived from *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), for accepting or declining supplemental jurisdiction).

The Committee recognized that the "separate and independent claim or cause of action" language of former section 1441(c) related to **diversity** cases "when the separate claim is against another, non-diverse party." *Id.* The former doctrine of ancillary jurisdiction, now subsumed by supplemental jurisdiction, codified in 28 U.S.C. § 1367, allowed **unrelated** claims to be joined in a single lawsuit and occurred in **diversity,** not federal question, cases. Clearly, **diversity** jurisdiction was where "most of the difficulties with § 1441(c)" arose as courts and parties attempted to decipher the separateness or relatedness of claims. *Id.* at 95.

Congress, however, did not repeal section 1441(c), but "modified" the statute "so as to eliminate most of the problems that have been encountered in attempting to administer the "separate and independent claim or cause of action' test" as described by the Report. H.R.Rep. No. 101-734, 101st Cong., 2d Sess., at 22-23 (1990) (Federal Courts Study Committee Implementation Act of 1990). In a manifest attempt to restrict the application of section 1441(c) to federal question jurisdiction, as opposed to diversity jurisdiction, and to clarify the remand discretion given to district courts, Congress amended the statute in 1990 to provide:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, *in its discretion, may remand all matters in which State law predominates.*

28 U.S.C. § 1441(c) (emphasis added). Thus, Congress recognized that the "separate and independent claim" problem arose in

**diversity** cases, where the "plaintiff could easily bring a single action on a federal claim and a *completely unrelated state claim.*" H.R.Rep. No. 101-734, at 23 (emphasis added). In contrast, Congress acknowledged that federal question jurisdiction, associated with the former doctrine of pendent jurisdiction, involves **related** claims. This **relatedness** of state and federal causes of action is so implicit that Congress determined that the amendment of section 1441(c) "would avoid the need to decide whether there is pend[e]nt jurisdiction" in removal and remand. *Id.*

Since amended section 1441(c) concerns only federal question jurisdiction and deletes diversity jurisdiction, now covered by section 1441(b), Congress undertook to relieve federal judges from determining whether the state and federal causes of action are related or unrelated. In **federal question cases,** these causes of action are **related.** "The further amendment to Sec. 1441(c) that would *permit remand of all matters in which state law predominates* also should simplify administration of the separate and independent claim removal." *Id.* (emphasis added). Indeed, the congressionally edited version of section 1441(c), showing the deleted and added wording makes plain that a deliberate choice has been made from allowing a district court to remand "all matters not otherwise within its original jurisdiction" to "*may remand all matters in which State law predominates.*" *Id.* at 50. Whereas the district court formerly had no choice in retaining a federal claim, it now may remand an **entire** case, **including the federal question claim,** if state law predominates. *See Maine v. Thiboutot,* 448 U.S. 1, 3 n.

1, 100 S.Ct. 2502, 2503 n. 1, 65 L.Ed.2d 555 (1980) (recognizing that federal courts do not have exclusive jurisdiction to adjudicate section 1983 claims, since state courts have concurrent jurisdiction (citing *Martinez v. California,* 444 U.S. 277, 283-84 n. 7, 100 S.Ct. 558, 558 n. 7, 62 L.Ed.2d 481 (1980))); *see also* 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3573, at p. 196 (1984) (acknowledging that "it is now settled" that federal and state courts have concurrent jurisdiction in section 1983 cases). Accordingly, "separate and independent claim or cause of action" in section 1441(c) means a **legitimate basis of federal jurisdiction** apart from jurisdiction under state law claims.

In view of this legislative history, the majority's use of *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951), for the proposition that no separate and independent cause of action can exist under section 1441(c) where federal and state causes arise from a common event is unpersuasive in the context of a federal question case. *Finn* is a **diversity** case, and it was remanded to state court because of the lack of complete diversity, the basis of federal jurisdiction.[2] Indeed, the Court defined a controversy between citizens of different states as " "separable.' " *Id.* at 10, 71 S.Ct. at 538. That is,

_____

[2]In reversing the Fifth Circuit and remanding the case with instructions that it be remanded to state court, the Supreme Court concluded: "In this case, however, the District Court would not have had original jurisdiction of the suit, as first stated in the complaint, because of the presence on each side of a citizen of Texas." *Finn,* 341 U.S. at 17, 71 S.Ct. at 541-42 (citing 28 U.S.C. § 1332).

the "single wrong" that is the basis of the diversity case is **separate and independent** from an **unrelated or ancillary** claim that destroys complete diversity. *Id.* at 14, 71 S.Ct. at 540. Noting the difficulty in interpreting the meaning of " "separate and independent claim or cause of action,' " the Court found that an "important purpose" in the then-operative revision of § 1441(c) was "to limit removal from state courts." *Id.* at 9-10, 71 S.Ct. at 538. Thus, *Finn* addresses diversity jurisdiction and not federal question jurisdiction, where the claims are intertwined.

In *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), decided on principles of pendent jurisdiction because the federal claims had been eliminated and only state law claims remained,[3] the Court explained that "[s]ections 1441(c) and 1447(c) ... do not apply to cases over which a federal court has pendent jurisdiction. Thus, the remand authority conferred by the removal statute and the remand authority conferred by the doctrine of pendent jurisdiction overlap not at all." *Id.* at 355 n. 11, 108 S.Ct. at 621 n. 11. The presently

---

[3]In *Carnegie-Mellon,* the "single federal-law claim in the action was eliminated at an early stage of the litigation" giving the district court "a powerful reason to choose not to continue to exercise jurisdiction." 484 U.S. at 351, 108 S.Ct. at 619. In contrast, the underlying case in this petition had been pending for two years in state court, discovery was completed, and the case was set for trial before removal to federal court. The pivotal issue in *Carnegie-Mellon* was whether the district court should relinquish jurisdiction by dismissing the case, consisting of the pendent state law claims, without prejudice or by remanding it to the state court. *Id.* In confirming the judicial economy and comity principles of *Gibbs,* the Court concluded that remand was preferable to dismissal, which might preclude a plaintiff from litigating claims because of the expiration of a state statute of limitations. *Id.* at 351-53, 108 S.Ct. at 619-20.

applicable 1990 amendment to section 1441(c), which followed the *Carnegie-Mellon* decision, gives district courts the ability to remand "all matters," or the entire case, to state court if state law predominates.

## II. STATUTORY INTERPRETATION AND APPLICATION

### A. *Principles of Statutory Construction*

We review a district court's interpretation and application of a statute *de novo. International Union v. Jim Walter Resources, Inc.,* 6 F.3d 722, 724 (11th Cir.1993). When statutory language is clear and unambiguous, the language controls "*absent a legislative intent to the contrary." United States v. Chandler,* 996 F.2d 1073, 1084 (11th Cir.1993) (citing *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981)) (emphasis added), *cert. denied,* --- U.S. ----, 114 S.Ct. 2724, 129 L.Ed.2d 848 (1994). Only when the statutory language is unclear do we resort to legislative history. *United States v. Rojas-Contreras,* 474 U.S. 231, 235, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985); *see United States v. Castro,* 829 F.2d 1038, 1049 (11th Cir.1987) ("Our objective when interpreting a statute is to determine the drafters' intent."), *modified on other grounds,* 837 F.2d 441 (11th Cir.1988). "In determining the meaning of the statute we look not only to the particular statutory language, but to the *design of the statute as a whole and to its object and policy." Crandon v. United States,* 494 U.S. 152, 153, 110 S.Ct. 997, 1001, 108 L.Ed.2d 132 (1990) (emphasis added); *accord McCarthy v. Bronson,* 500 U.S. 136, 139, 111 S.Ct. 1737, 1740, 114 L.Ed.2d 194 (1991); *Chandler,* 996 F.2d at 1084. Thus, statutory language must be interpreted in context,

and not in isolation, to effectuate the statutory purpose. *Department of Revenue v. ACF Indus., Inc.,* --- U.S. ----, ----, 114 S.Ct. 843, 848, 127 L.Ed.2d 165 (1994); *see City of Jamestown v. James Cable Partners, L.P. (In re James Cable Partners, L.P.),* 27 F.3d 534, 537 (11th Cir.1994) (per curiam) (holding that statutory language should not be construed separately or in a vacuum, but within the meaning of the whole statute).

Accordingly, courts cannot pronounce a statutory interpretation that would thwart the legislative purpose of a particular statute. *In re Trans Alaska Pipeline Rate Cases,* 436 U.S. 631, 643, 98 S.Ct. 2053, 2061, 56 L.Ed.2d 591 (1978). "A change of [statutory] language is some evidence of a change of purpose...." *Johnson v. United States,* 225 U.S. 405, 415, 32 S.Ct. 748, 751, 56 L.Ed. 1142 (1912); *accord McElroy v. United States,* 455 U.S. 642, 650-52 n. 14, 102 S.Ct. 1332, 1337 n. 14, 71 L.Ed.2d 522 (1982). An interpretation of statutory language that causes other language within the statute to be meaningless contravenes the " "elementary canon of construction that a statute should be interpreted so as not to render one part inoperative.' " *Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249, 105 S.Ct. 2587, 2594, 86 L.Ed.2d 168 (1985) (quoting *Colautti v. Franklin,* 439 U.S. 379, 392, 99 S.Ct. 675, 684, 58 L.Ed.2d 596 (1979)).

B. *Judicial Interpretation*

The congressional amendment of section 1441(c) in 1990 resulted from problematic judicial interpretations of "separate and

independent claim" in the former version of the statute.[4] Therefore, the legislative history addressed in the previous section is crucial to our understanding of the meaning of "separate and independent claim" **within the context of section 1441(c) as amended**. Because present section 1441(c) is limited to federal question jurisdiction, state law claims will be **related** to the federal claim(s). Thus, "separate and independent claim" **cannot mean** that the federal claim is **unrelated** to the state claims. Furthermore, amended section 1441(c) now authorizes the district court to remand **all matters in which state law predominates**; it no longer is **required** to retain the federal claim as it was in the previous version of the statute.[5] *See Johnson,* 225 U.S. at 415, 32 S.Ct. at 751 (determining that a legislative change in statutory language constitutes evidence of a change in the statutory purpose).

To focus on the "separate and independent claim" language of

---

[4]Despite congressional efforts at clarifying § 1441(c), it is manifest that reasonable jurists continue to differ concerning the interpretation of this statute evidenced by the district court in the underlying case and the majority's view versus mine. *See Burnett v. Birmingham Bd. of Educ.,* 861 F.Supp. 1036, 1038-39 (N.D.Ala.1994) (listing district courts that have followed the interpretation of § 1441(c) by the district courts in our circuit permitting remand of a case containing a federal cause of action where state law claims predominate, which is my interpretation, and district courts that would agree with the district court in the underlying case and the majority's interpretation).

[5]"*Prior to its amendment,* section 1441(c) permitted a district court to remand any separate and independent matter "not otherwise within its original jurisdiction.' In other words, a district court could remand the state law claims not within its original jurisdiction but was *required to retain the federal law claims."* *Moore v. DeBiase,* 766 F.Supp. 1311, 1320 (D.N.J.1991) (citations omitted) (emphasis added).

section 1441(c), as the majority and the district court have done, fails to view the statute in context or to give meaning to the ability now accorded a district court to remand "all matters in which State law predominates." 28 U.S.C. § 1441(c). Under the majority and the district court's interpretation, which is the former interpretation and application of section 1441(c), the district court cannot remand the 42 U.S.C. § 1983 claim, but must retain that claim in federal court because the federal claim is not separate and independent from the state law claims. This former interpretation, however, would subvert amended section 1441(c) of its present meaning by precluding the remand of **all matters in which state law predominates**. *See Mountain States Tel. & Tel. Co.,* 472 U.S. at 249, 105 S.Ct. at 2594 (holding that specific statutory language cannot be interpreted so as to render other language within the same statute inoperative or meaningless).

Since the 1990 amendment of section 1441(c), district courts[6] in our circuit uniformly have interpreted the revised statute to

---

[6]District courts have been the primary federal courts to interpret and to apply § 1441(c) since its amendment in 1990. Even the Third Circuit, which addresses amended § 1441(c), adopts the rationale of a Southern District of Ohio case, *Kabealo v. Davis,* 829 F.Supp. 923 (S.D.Ohio 1993), *aff'd mem.,* 72 F.3d 129 (6th Cir.1995); *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 786 (3d Cir.1995). *Lancaster* also cites *Buchner v. F.D.I.C.,* 981 F.2d 816 (5th Cir.1993), which presents the opposite factual and legal scenario from the underlying case in this petition. Under § 1441(c), the Fifth Circuit concluded that federal, not state law claims, predominated because, "[a]s the FDIC is a party to the present suit, all of the component claims are conclusively deemed to have arisen under federal law." *Id.* at 819. Accordingly, *Buchner* is not analogous to the underlying case in this petition. Furthermore, the Fifth Circuit in *Buchner* did not consider the legislative history behind the 1990 amendment of § 1441(c).

accord discretion to district courts to remand an **entire case,** including a federal claim, to state court if state law predominates. *Alexander ex rel. Alexander v. Goldome Credit Corp.,* 772 F.Supp. 1217, 1222-25 (M.D.Ala.1991); *Holland v. World Omni Leasing, Inc.,* 764 F.Supp. 1442, 1443-44 (N.D.Ala.1991); *Martin v. Drummond Coal Co.,* 756 F.Supp. 524, 525-27 (N.D.Ala.1991)[7]; *accord Burnett v. Birmingham Bd. of Educ.,* 861 F.Supp. 1036, 1037-39 (N.D.Ala.1994). "The [present] words "may remand all matters in which State law predominates' were substituted for the former words "may remand all matters not otherwise within its original jurisdiction.' This is a dramatic change."[8] *Martin,* 756 F.Supp. at 525. " *[E]ven if there is a federal question* identified in

---

[7] *Martin* was the first federal court to interpret § 1441(c) following its amendment in 1990. District courts nationwide have relied on *Martin* and its progeny in our circuit and followed its reasoning. *See, e.g., Bodenner v. Graves,* 828 F.Supp. 516, 519 (W.D.Mich.1993); *Lang v. American Elec. Power Co.,* 785 F.Supp. 1331, 1334-35 (N.D.Ind.1992); *Moralez v. Meat Cutters Local 539,* 778 F.Supp. 368, 370-71 (E.D.Mich.1991); *Moore v. DeBiase,* 766 F.Supp. 1311, 1316 n. 9, 1319 (D.N.J.1991). *Lancaster,* however, specifically rejects *Martin* and *Holland* from our circuit as the proper analysis. *Lancaster,* 45 F.3d at 787.

[8] *See Moore,* 766 F.Supp. at 1320 (" "Matters,' in the context of the prior version of section 1441(c), could only be interpreted to mean a discrete claim or cause of action and not the entire case.... Although Congress retained the term "matters,' it eliminated the limitation to only claims or causes of action not within the district court's original jurisdiction."); *see also Alexander,* 772 F.Supp. at 1224-25 ("Note that the word used by the statute is still "matters.' The federal court can remand all "matters' in which state law predominates. If "matters' is construed to include all "claims,' then a combination of claims in which a *federal claim is one but in which state law is found to "predominate' may justify a remand of the whole case, with the federal claim included.*" (quoting David D. Siegel, *Changes in Federal Jurisdiction and Practice Under the New (Dec. 1, 1990) Judicial Improvements Act,* 133 F.R.D. 61, 78 (1991) (emphasis added)).

plaintiff's well-pleaded complaint, as is true in the instant case, *§ 1441(c) can still justify remanding the entire case "if state law predominates.' "* *Holland,* 764 F.Supp. at 1444 (quoting 28 U.S.C. § 1441(c)) (emphasis added); *see Moore,* 766 F.Supp. at 1321 ("Congress, by granting the discretion to remand all matters in which state law predominates, intended to permit a district court to remand the *entire case and not just the state law claims.* " (emphasis added)).

Significantly, in cases where the federal claim is "so intertwined with" as to be "indistinguishable from" the state law claims, making it "very difficult, i[f] not impossible, to treat separately," the federal court's retaining the case only because of the federal claim "invariably" would result in a "race-to-judgment between the federal court and the state court, and the first court to decide its case might create a serious *res judicata* problem for the other court." *Holland,* 764 F.Supp. at 1444; *see Moore,* 766 F.Supp. at 1321 ("*Remand of the entire matter, including the section 1983 claims,* is even more compelling in this case because the federal law claims are factually tied to all of the state law claims." (citing *Martin,* 756 F.Supp. at 527) (emphasis added)). In remanding the **entire case,** including the federal Truth in Lending Act claim, to state court because state law predominated, the district court determined that "[a]llowing for a *remand of the entire case* allows a court to *avoid piecemeal litigation* and to properly *limit those cases removed to federal court to those that truly present federal issues." Alexander,* 772 F.Supp. at 1225 (emphasis added).

C. *Determination of State Law Predomination*

Because Congress did not explain explicitly how to determine when state law predominates over federal question jurisdiction where pleadings invoke both state and federal law, "a value judgment by the federal court" is required. *Martin,* 756 F.Supp. at 527; *accord Moore,* 766 F.Supp. at 1319. State law predominates " "[i]f the federal court finds that the federal claim, while plausible, is not really the plaintiff's main mission; that it is only an incident or adjunct of the state claim and that the state claim is the crux of the action....' " *Moore,* 766 F.Supp. at 1319 (quoting 28 U.S.C.A. § 1441 Commentary (West Supp.1991)); *see Burnett,* 861 F.Supp. at 1038 ("Employing the routinely accepted proposition that removal statutes are always to be construed against removal, the language of § 1441(c) cannot be interpreted to recognize an exception for all state cases which simply contain a claim invoking 42 U.S.C. § 1983 as to which state courts have concurrent jurisdiction."). A district court decides whether state law predominates by examining the "nature of the claims as set forth in the pleading and by determining whether the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims." *Moore,* 766 F.Supp. at 1319 (footnote omitted). Thus, Congress accorded district courts " *broad discretion* " in determining whether to retain a removed case or to remand it **entirely** to state court. *Id.* (emphasis added).

The district court analyzed its reasons for concluding that state law predominates in the underlying case, although in the

context of 28 U.S.C. § 1367(c)(2).[9] *See Bodenner v. Graves,* 828 F.Supp. 516, 518 (W.D.Mich.1993) (noting that the language of section 1441(c) relating to the discretion of the district court to remand " "all matters in which State law predominates'.... closely mirrors that of § 1367(c)(2))." (quoting 28 U.S.C. § 1441(c)). Irrespective of whether section 1441(c) or section 1367(c)(2) is

---

[9]Recognizing that determining that state law predominates is not merely a numerical count of the respective claims, the district court in the underlying case used the *Gibbs* standard for comparing the state and federal claims "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139. As to type and amount of damages available under the federal and state claims, the district judge determined that there is little difference because there are no liability caps under either federal or state claims as to the five named defendants other than the City of Mobile. *Thornton v. Kahalley,* No. 95-0509-CB-C, slip op. at 9-10 (S.D.Ala. Sept. 20, 1995) (order granting plaintiffs' motion to remand the entire case to state court) [hereinafter "Remand Order"]. In contrast, the district judge found "pervasive differences in both the standards and elements of proof" for the state versus the federal claims. *Id.* at 10. Under the Alabama Dram Shop Act, the district judge explained that the relevant defendants could be strictly liable for their actions, and that the remaining state common law claims permit recovery on a showing of negligence or wantonness. Under section 1983, the district judge recognized that a plaintiff is required to show gross negligence or deliberate indifference resulting from an official policy or custom. Thus, the district judge concluded that the standard of proof for the section 1983 claim was "substantially higher" than that for the various state law claims. *Id.* Additionally, the district judge found that "there are marked differences in the means available to a plaintiff to establish his case under § 1983 and the state law claims." *Id.* While Alabama law allows a municipality to be liable for negligence under *respondeat superior,* the district judge contrasted section 1983, which prohibits liability under that theory. Because the state causes of action require lower standards and elements of proof than does the federal civil rights claim, the district judge concluded, as a matter of law, that the state law claims substantially predominated in the underlying case. *Id.* at 11; *see Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

applied, the claims and facts are the same. Finally, the underlying case has been proceeding in state court for two years through discovery, and it was scheduled for trial before addition of the section 1983 claim and its removal to federal court; clearly, the state court is in a better position to adjudicate the issues in the underlying case.[10] The district court acted within its discretion accorded by section 1441(c), as amended in 1990, in remanding the entire underlying case after determining that state law predominated.

## III. CONCLUSION

I conclude that the majority errs in limiting its discussion to supplemental jurisdiction under 28 U.S.C. § 1367(c) and in failing to analyze the district court's remand of the entire underlying case under 28 U.S.C. § 1441(c), as amended. The legislative history behind the 1990 amendment of section 1441(c) reveals that "separate and independent claim" does not mean that the federal claim is unrelated to the state law claims in a federal question case. "Separate and independent claim" refers to a legitimate federal jurisdictional basis. In a case involving both

---

[10]In its remand order for the underlying case, the district court explained:

> The state judiciary has already invested substantial resources in this case, has resolved numerous discovery and other preliminary matters, and has developed familiarity and expertise over the factual and legal issues in this cause of action which this court presently lacks. It would be neither an economical nor a convenient allocation of judicial resources for this court to seize jurisdiction over this entire action at the eleventh hour of the state litigation.

Remand Order at 12.

valid federal and state law claims, the district court must determine that state law claims predominate if it decides to remand the entire case. I believe that the district court correctly remanded the entire underlying case to state court based on the predomination of state law claims, although I do not endorse its statutory authority for the remand under section 1367(c), concerning supplemental jurisdiction.

Apparently, the majority sees the dilemma of trial of federal claims in federal court and trial of related state claims in state court presenting the problems of conflicting federal and state adjudications, race to judgment and *res judicata;* hence the implicit suggestion to the district court that it adjudicate **all claims,** state and federal. Because the majority's interpretation of "separate and independent claim" in section 1441(c) as well as its resolution makes the ability of district judges to remand all matters to state court under the statute devoid of meaning, I cannot accept it. The majority's interpretation and resolution is particularly unsatisfactory **in this underlying case** where the district judge, as factfinder, has determined that state claims predominate, and that it is appropriate to adjudicate the single, lately added federal claim in state court. Because I would have dismissed the mandamus petition for the reasons explained herein and upheld the district court's remand of the entire underlying case to state court, I respectfully dissent.